UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **GARNER DWIGHT PADGETT** ] | |
| Petitioner, ] | |
| ] | |
| v. ] | No. 2:11-0043 |
| ] | Judge Trauger |
| **WARDEN DAVID SEXTON** ] | |
| Respondent. ] | |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Sexton, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On October 3, 2002, a jury in Putnam County found the petitioner guilty of first degree murder. Docket Entry No.17-1 at pg.50. For this crime, he received a sentence of life imprisonment with the possibility of parole. *Id.* at pg.51.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No.17-13. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No.17-15.

The petitioner then filed a *pro se* petition for post-

1

conviction relief in the Criminal Court of Putnam County. Docket Entry No.17-16 at pgs.4-62. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pg.108. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.17-21. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review. Docket Entry No.17-23.

## II. Procedural History

On March 29, 2011, the petitioner filed the instant petition (Docket Entry No.1) for writ of habeas corpus. The petition contains four claims for relief. These claims include :

1) petitioner's confession was "not knowingly, intelligently or voluntarily given", Docket Entry No.2 at pg.12;

2) the jury was tainted when "two jurors observed the petitioner exiting from the jail's lockup area and when the trial court instructed the entire jury that the petitioner was confined in the county jail and did not post or wasn't allowed bond", *Id.* at pg.18;

3) prosecutorial misconduct occurred during closing argument when the prosecutor said "And I suggest to you that you can assume that the Defendant was in there at gunpoint being driver to ...", *Id.* at pg.25; and

4) the petitioner was denied the effective assistance of post-conviction counsel.[1] *Id.* at pg.29.

---

[1] During his post-conviction proceedings, the petitioner was represented by Robert L. Chaffin of the Putnam County Bar.

2

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.5) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No.16), to which the petitioner has filed a Reply (Docket Entry No.32). Having carefully considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**1.) Non-Cognizable Claim**

The petitioner alleges that he was denied the effective assistance of post-conviction counsel (Claim No.4).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970). However, there is no constitutional right to counsel in a collateral proceeding. Coleman

3

v. Thompson, 501 U.S. 722,752-53 (1991). Therefore, "any errors of a post-conviction attorney, acting as the agent for his client, are attributable solely to that client." Abdus-Samad v. Bell, 420 F.3d 614,632 (6th Cir.2005). For that reason, a claim that counsel was ineffective during a state post-conviction proceeding is not a proper ground for § 2254 habeas corpus relief. 28 U.S.C. § 2254(i).

**2.) Fully Exhausted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b). In his Answer, the respondent concedes that the petitioner has fully exhausted his state court remedies for each of his remaining claims (Claim Nos.1-3) during the direct appeal of petitioner's conviction. Docket Entry No.16 at pg.2.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of

4

materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

**2a.) Admissibility of Petitioner's Confession**

The petitioner claims that the confession (Docket Entry No.2, Exhibit 11) he gave the police was coerced and should not have been used against him at trial (Claim No.1).

The Fifth Amendment privilege against self-incrimination bars the admission of an involuntary statement made by the accused. Colorado v. Connelly, 479 U.S. 157,163-64 (1986). The prosecution bears the burden of proving by a preponderance of the evidence that the statement was voluntary. Seymour v. Walker, 224 F.3d 542,554 (6th Cir.2000). A confession is considered involuntary if it was extorted by means of coercive activity, the coercion was sufficient to overbear the will of the accused, and the will of the accused was in fact overborne by the coercive activity. Hill v. Anderson, 300 F.3d 679,682 (6th Cir.2002).

Prior to trial, the petitioner filed a motion to suppress his

confession to the police. Docket Entry No.17-1 at pgs.16-17. The trial court conducted a hearing to address the motion. Docket Entry No.17-2 at pgs.2-72. During the hearing, the court heard testimony from Detective Jerry Abston of the Putnam County Sheriff's Department and Bob Krofssik, an agent with the Tennessee Bureau of Investigation. Both officers were present when petitioner gave his confession. They told the court that the petitioner had been mirandized prior to questioning. *Id.* at pg.21. Nothing unusual occurred that would suggest the petitioner was in any type of distress. He was cooperative, responded coherently and appeared to be in full possession of his faculties. *Id.* at pg.14. The petitioner was neither promised anything in exchange for his statement nor was he threatened in any way. *Id.* at pgs.14-15.

The petitioner's proof consisted of medical testimony indicating that he was bipolar and suffered from alcohol and drug abuse. These problems were sufficient to bring into question the petitioner's ability to voluntarily waive his rights. Nevertheless, after considering the totality of the circumstances, the trial court chose to accredit the testimony of Abston and Krofssik and found that the petitioner's statement had been given to the police voluntarily. Docket Entry No.17-1 at pg.20.

In his signed statement, the petitioner states "You have given me the choice of having this statement written or tape recorded and it was my wish not to have it taped. Although this is a long

6

statement, I have had many coffee breaks and cigarette breaks and been allowed to use the bathroom whenever I wanted. I want to thank you and J.D. for being respectful to me under these circumstances. Thanks." Docket Entry No.2, Exhibit 11 at pg.13. This language clearly suggests that the petitioner did not feel coerced in any way to give his statement. The ruling made by the trial court to allow the introduction of the petitioner's statement was neither contrary to nor an unreasonable application of federal law. Therefore, this issue has no merit.

**2b.) Tainted Jury**

After a lunch break, two jurors (Dora Simpson and James Simmons) observed the petitioner exiting from the jail's lockup area. The defense requested a mistrial, arguing that the jury had been tainted by the suggestion that the petitioner was not innocent. Docket Entry No.17-4 at pg.126. The petitioner's request for a mistrial was denied and he now claims that this infringed upon his right to a fair trial (Claim No.2).

A principal ingredient of due process is that every criminal defendant is entitled to a fair and impartial trial. Massey v. Moore, 348 U.S. 105,108 (1954). To ensure a fair and impartial trial, a criminal defendant is generally entitled to the "physical indicia of innocence". United States v. Miller, 531 F.3d 340,345 (6th Cir.2008).

The Tennessee Court of Criminal Appeals addressed the merits

7

of this claim as follows :

> Immediately upon learning of the event at issue, the trial judge conducted a full hearing on the matter. The two jurors swore under oath that their judgment would not be affected. Because other jurors were aware that the two jurors had seen the defendant in the elevator, the trial court provided a curative instruction. All of the jurors agreed to disregard the defendant's brief presence in the lockup area and otherwise follow the instructions of the trial court. Because there is a presumption that the jurors followed the instructions of the trial court and because the record does not establish that the defendant was unduly prejudiced, there was no abuse of discretion by the denial of a mistrial.

Docket Entry No.17-13 at pg.5.

The findings of fact and conclusions reached by the Tennessee appellate court as to this issue do not run contrary to federal law. As a consequence, this claim has no merit and will not support an award of habeas corpus relief.

**2c.) Prosecutorial Misconduct**

Finally, the petitioner believes that he was the victim of prosecutorial misconduct. More specifically, during closing arguments, the prosecutor said "And I suggest to you that you can assume that the Defendant was in there at gunpoint being driver to ...". Docket Entry No.17-5 at pg.43. At that point, defense counsel objected, asserting that the prosecutor was assuming facts not in evidence (Claim No.3).

Prosecutorial misconduct becomes an actionable habeas corpus

8

claim if the prosecutor's conduct was so egregious as to deny the petitioner a fundamentally fair trial. <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637,643-45 (1974). In this instance, therefore, the prosecutor's comments must have "so infected the trial with unfairness as to make the conviction a denial of due process." <u>Darden v. Wainwright</u>, 477 U.S. 168,181 (1986).

The prosecutor's statement was not a gross exaggeration intended to inflame the jury. Defense counsel registered an immediate objection and the court sustained the objection. The jury was instructed to disregard the statement. Docket Entry No.17-5 at pg.43. There is no evidence to suggest that the prosecutor's statement was overly prejudicial, particularly in light of the petitioner's confession. Consequently, the petitioner has shown no denial of due process in this regard.

## IV. Conclusion

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's claims were neither contrary to nor an unreasonable application of federal law. As a consequence, the Court finds that the petitioner has failed to state a claim

9

upon which habeas corpus relief can be granted.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge